United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-31087
Summary Calendar

_____

THOMAS DUVAL,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1930
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

Thomas Duval, Louisiana prisoner # 379864, is serving a life sentence for second-degree murder. See State v. Duvall, 747 So. 2d 793, 795 (La. Ct. App. 1999). The district court denied and dismissed his 28 U.S.C. § 2254 petition but granted a certificate of appealability ("COA") on Duval's claims that the state trial court improperly admitted an inculpatory statement and improperly admitted expert opinion testimony. This court denied Duval's request for a COA on the remainder of his claims.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

With respect to Duval's claim that the trial court improperly admitted expert opinion testimony from an investigating officer and a forensic pathologist, the district court dismissed that claim as procedurally barred. On appeal, Duval argues only the merits of his claim and does not address the district court's procedural ruling. The issue has thus been abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Duval argues that the trial court improperly admitted an inculpatory res gestae statement and then improperly denied his motions for a mistrial and for a new trial. Although Duval's arguments are based solely on state law, we liberally construe his argument as one that the trial court's alleged error constituted a due process violation. Duval contends that the statement was unduly prejudicial because, without it, the jury could not have found the specific intent required for a second-degree murder conviction in Louisiana. See LA. REV. STAT. ANN. § 14:30.1(A)(1). But our review of the record, and of Duval's trial testimony in particular, leads us to conclude that there was overwhelming evidence that the victim was killed during Duval's commission of an aggravated burglary. See LA. REV. STAT. ANN. §§ 14:2(4), 14:36, 14:37.4(A), (C), and 14:60. Therefore, the evidence supports the jury verdict of second-degree murder under the felony-murder provision of LA. REV. STAT. ANN.

§ 14:30.1(A)(2)(a).  Duval does not argue to the contrary. Accordingly, to the extent that Duval's argument on appeal can be construed as an argument that the trial court's denial of his mistrial motion and his post-verdict motion for a new trial constituted a due process violation, it is without merit.  <u>See</u> <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623 (1993).

The judgment of the district court denying and dismissing Duval's 28 U.S.C. § 2254 petition is AFFIRMED.  Duval's motions for oral argument and for appointment of counsel to argue on his behalf are denied.

AFFIRMED; MOTIONS DENIED.